UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEO HARRELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-01352-JLT<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1383(d)(2)(B)<br><br>(Doc. 21) |

　　　Vijay J. Patel, counsel for Plaintiff David Leo Harrell, seeks an award for attorney's fees pursuant to 42 U.S.C. § 1383(d)(2)(B). (Doc. 21) Plaintiff has not opposed the motion. On February 1, 2016, the Commissioner of Social Security filed a response, though acknowledging she was not a party to the fee agreement between Plaintiff and his counsel, and therefore "not in a position to either assent or object to the fees that Counsel seeks from Plaintiff's past-due benefits." (Doc. 21)

　　　Because the Court finds the request for fees is reasonable, Counsel's motion for attorney fees is **GRANTED**.

**I.　　Factual and Procedural History**

　　　Plaintiff initiated this action on August 23, 2013, seeking review of an administrative decision denying his application for supplemental security income under the Title XVI of the Social Security Act. (Doc. 1) The Court remanded the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on January 5, 2015, and judgment was entered in favor of Plaintiff.

(Docs. 17-18)  Following the entry of judgment, the Court awarded EAJA fees in the amount of $5,060.00.[1]  (Doc. 20)  On October 29, 2015, an ALJ issued a fully favorable decision, finding Plaintiff was disabled beginning February 3, 2011.  (Doc. 21-2 at 9).

**II.     Attorney Fees under § 1383(d)**

An attorney may seek an award of attorney fees for representation of a Social Security claimant who is awarded benefits under Title XVI cases pursuant to 42 U.S.C. § 1383(d).  In relevant part, § 1383 provides:

> [I]f the claimant is determined to be entitled to past-due benefits under this title and the person representing the claimant is an attorney, the Commissioner of Social Security shall pay out of such past-due benefits to such an attorney an amount equal to the lesser of—
> (i)     so much of the maximum fee as does not exceed 25 percent of such past-due benefits (as determined before any applicable reduction under section 1631(g) [subsec. (g) of this section] and reduced by the amount of any reduction in benefits under this title or title II [42 USCS §§ 1381 et seq. or 401 et seq.] pursuant to section 1127(a) [42 USCS § 1320a-6(a)]), or
> (ii)    the amount of past-due benefits available after any applicable reductions . . .

42 U.S.C. §1383(d)(2)(B).  In addition, "[t]he provisions of section 406. . . shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter."  42 U.S.C. § 1383(d) (2)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

District courts "have been deferential to the terms of contingency fee contracts." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 808.  The Court must "look[] first to the contingent-fee agreement, then test[] it for reasonableness."  *Id.*; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc). A fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits.  *Id.* at 807.

**III.    Discussion and Analysis**

Plaintiff and Counsel entered into a contingent fee agreement on August 12, 2013, which provided Plaintiff would pay "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court."  (Doc. 21-1 at 1) (emphasis omitted).  Pursuant to the terms of the

---

[1] Counsel reports that no fees were received "because of an outstanding debt owed by plaintiff."  (Doc. 21 at 2)

contract, Counsel seeks fees in the amount of $9,195.00. (Doc. 21 at 4)

In testing the reasonableness of the fee request, the Court should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford* , 586 F.3d at 1149.

In this case, Plaintiff willingly entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any backpay award. Counsel accepted the risk of loss in the representation and spent 30.3 hours on the case before the District Court, which is supported by a time sheet indicating the work completed was appropriate and the total time expended was reasonable. (Doc. 21 at 4; Doc. 21-4) As a result of the work by Counsel, the matter was remanded to an administrative law judge who reconsidered the case and found Plaintiff was entitled to an award of benefits totaling $36,781.74. (Doc. 21-3 at 2) For this, Counsel requests a fee of $9,195.00 under the fee contract. *Id.* (Doc. 21 at 4)

Notably, although served with the motion and informed a response may be filed (Doc. 21 at 2, 11), Plaintiff did not file an opposition, and thereby indicates his belief the fee request is reasonable. The fees sought by Counsel do not exceed the twenty-five percent maximum permitted by statute and to which Plaintiff agreed. Further, there is no indication Counsel performed in a substandard manner or engaged in dilatory conduct. Accordingly, the Court finds the fees requested are reasonable.

**IV.     Conclusion and Order**

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §1383(d) in the amount of $9,195.00 is **GRANTED**; and
2. The Commissioner is **DIRECTED** to pay the amount directly to Counsel.

IT IS SO ORDERED.

Dated:   **February 19, 2016**          /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE